No. 90          February 14, 2024          669

IN THE COURT OF APPEALS OF
THE STATE OF OREGON

In the Matter of the Compensation of
Monika M. Gage, Claimant.

Monika M. GAGE,
*Petitioner,*

*v.*

FRED MEYER STORES - KROGER CO.,
*Respondent.*

Workers' Compensation Board
1900021OM; A177315

On respondent's petition for reconsideration filed December 19, 2023, and petitioner's response filed December 22, 2023. Opinion filed December 6, 2023. 329 Or App 360 (2023)

Rebecca A. Watkins and SBH Legal for petition.

Julene M. Quinn for response.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reconsideration allowed; opinion modified and adhered to as modified.

**MOONEY, J.**

Respondent (Fred Meyer) has petitioned for reconsideration of our decision in *Gage v. Fred Meyer Stores - Kroger Co.*, 329 Or App 360, 540 P3d 592 (2023). This is an "own motion" workers' compensation claim that was before us on claimant's petition for judicial review of an order of the Workers' Compensation Board (board) that affirmed case closure without an award for additional permanent disability. Fred Meyer points to two sentences in our opinion that it claims are incorrect or confusing, and it describes three other places in the opinion that it likewise perceives to be "incomplete and inaccurate" and it asks us to correct those. Claimant responds that she "might word some of the factual recitation a bit differently or be more precise in terms of workers' compensation parlance," but argues that the statements are not inaccurate. We allow the petition to clarify certain factual statements in our opinion, described below, but otherwise adhere to our prior decision.

At one point, the opinion states that, "the board determined that claimant's facet cyst at L4-5 did not qualify as an additional impairment resulting from a previous, compensable injury." *Id.* at 361. That statement is inaccurate. We amend that phrase by replacing it and the full sentence that immediately follows that phrase to state, "the board determined that claimant's facet cyst at L4-5 did not result in additional impairment and that claimant was not entitled to a redetermination of her permanent disability."

At another point, the opinion states that claimant "filed a workers' compensation claim which her employer accepted * * * for various disabling injuries, including right lumbar strain and a herniated L5-S1 disc." *Id.* at 362. We amend that sentence to state, "She filed a workers' compensation claim that resulted in her employer accepting various disabling conditions."

At another point, the opinion states: "That MRI showed a cyst at the L4-5 disc, along with an L4-5 herniation and nerve impingement on both the left and right sides." *Id.* at 363. We amend that sentence by deleting the words "on both the left and right sides."

And, finally, Fred Meyer asserts that the opinion incorrectly states that Dr. Moore confirmed that the surgery she performed in 2016 was for the L4-5 cyst and that she removed it at that time. We agree that the last two paragraphs of our opinion may be somewhat confusing, but they are not inaccurate. We nevertheless amend those paragraphs by deleting them entirely and replacing them with this language:

> "The board's conclusion that Andrews' opinion was 'more accurate and persuasive' than that of the panel because of his 'familiarity with claimant's conditions' is likewise tied to reasons that are not supported by substantial evidence or reason. Andrews' view that the L4-5 facet cyst had resolved by 2015 is contradicted by claimant's medical history and the board's findings that the cyst could be, and was, seen in the 2015 MRI images, that the cyst was again seen in the 2016 MRI images, and that the cyst was removed in 2016. But more importantly, and as we have explained, the arbiter panel's report is not ambiguous. The board was not free to reject it. We need not, and do not, address the third assignment of error."

Having modified our opinion to clarify the factual and procedural history of this workers' compensation claim, we reject the remaining bases of Fred Meyer's petition for reconsideration.

Reconsideration allowed; opinion modified and adhered to as modified.